IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |  | |
|---|---|---|---|
| A/Z CORPORATION, | : | | |
|     Plaintiff | : | | |
| | : | | |
| v. | : | No. 1:15-cv-533 | |
| | : | | |
| LOWE'S HOME CENTER, LLC, | : | (Judge Kane) | |
|     Defendant | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| SMART START LIGHTING, LLC, | : | | |
|     Third-Party Defendant | : | | |

**MEMORANDUM**

Before the Court is Third-Party Defendant Smart Start Lighting, LLC's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 18.) For the reasons set forth below, the Court will grant the motion in its entirety.

**I.   BACKGROUND**

This suit arises out of a project to replace the exterior and interior lighting fixtures at a distribution center in Pittstown, Pennsylvania. (Doc. Nos. 1-1, 6 ¶ 18, 11 ¶ 4.) On or about January 10, 2014, Defendant Lowe's Home Center, LLC ("Lowe's") contracted with Third-Party Defendant Smart Start Lighting, LLC ("SSL") to convert the lighting fixtures at a Lowe's distribution center in Pittstown, Pennsylvania to light-emitting diode ("LED") lighting. (Doc. Nos. 6 ¶¶ 17-18, 11 ¶ 5.) In turn, SSL subcontracted with Plaintiff A/Z Corporation ("A/Z") to furnish the materials and replace the lighting. (Doc. No. 1-1 at 5.) A/Z alleges that it worked on the lighting project until May 24, 2014 and is owed $692,873.78 for the "labor, material and services it provided" to the Lowe's distribution center. (Id.)

On September 11, 2014, A/Z filed a mechanics' lien under the Pennsylvania Mechanics' Lien Law, 49 P.S. §§ 1601-1604, in the amount of $692,873.78 against real property owned by

1

Lowe's.[1]  (Doc. No. 1-1 ¶¶ 8, 18-19.)  Subsequently, on February 11, 2015, A/Z filed a complaint in the Court of Common Pleas of Luzerne County, Pennsylvania against Lowe's to enforce the mechanics' lien and to demand $692,873.78 as payment owed.  (Doc. No. 1-1 at 7-8.)  Lowe's invoked this Court's diversity jurisdiction and removed the case on March 16, 2015 pursuant to 28 U.S.C. §§ 1332 and 1441.  (Doc. No. 1.)

On April 6, 2015, Lowe's filed a third-party complaint against SSL asserting, inter alia, claims of common-law indemnification, exoneration, and rights under the Pennsylvania Mechanics' Lien Law.  (Doc. No. 6.)  Shortly thereafter, on April 20, 2015, A/Z filed a Rule 14(a)(3) claim against SSL alleging, inter alia, breach of contract, fraud, and unjust enrichment.[2]  (Doc. No. 11.)  On June 7, 2015, SSL filed the present Rule 12(b)(6) motion to partially dismiss Defendant Lowe's third-party complaint and to partially dismiss Plaintiff A/Z's Rule 14(a)(3) claim against SSL.  (Doc. No. 18.)  The motion has been briefed and is ripe for disposition.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may

---

[1] "A Mechanics' Lien is a statutorily created lien for the purpose of securing priority for payment for work performed or materials provided in erecting or repairing a building."  Wyatt Inc. v. Citizens Bank of Pa., 976 A.2d 557, 570 (Pa. Super. Ct. 2009); see Matternas v. Stehman, 642 A.2d 1120, 1124 (Pa. Super. Ct. 1994).

[2] Plaintiff A/Z describes its claim against Third-Party Defendant SSL as a crossclaim.  (Doc. No. 6.)  The Court refers to A/Z's claim against SSL as a "Rule 14(a)(3)" claim.  Federal Rule of Civil Procedure 14(a)(3) provides that a plaintiff "may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff."  Fed. R. Civ. P. 14(a)(3).

nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Twombly, 550 U.S. at 556). A court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).

As such, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, or they risk dismissal. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To determine the sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement for relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

### III.   DISCUSSION

Third-Party Defendant SSL moves the Court to dismiss two counts in Defendant Lowe's third-party complaint as well as two counts in Plaintiff A/Z's Rule 14(a)(3) claim against SSL.

(Doc. No. 18.) The Court begins with SSL's challenge that A/Z's claims of unjust enrichment and fraud fail to state a claim under Pennsylvania law.[3] (Doc. No. 18 ¶¶ 9-10.) The Court then turns to SSL's contention that Lowe's claims of "sole liability" and exoneration should be dismissed pursuant to Rule 12(b)(6). (Id. ¶¶ 7-8.)

### A. Count IV of the Rule 14(a)(3) Claim — Unjust Enrichment

In Count IV of the Rule 14(a)(3) claim, Plaintiff A/Z seeks to recover an amount in excess of $692,000.00 under the theory of unjust enrichment.[4] (Doc. No. 11 ¶¶ 27-30.) A/Z argues that it is "entitled to the quantum meruit value of the equipment, materials and labor it provided to SSL." (Id. ¶¶ 29-30.) SSL moves the Court to dismiss A/Z's unjust enrichment count because the relationship between A/Z and SSL is "founded on a written agreement or express contract." (Doc. No. 18 ¶ 9, 20 at 10-11.) A/Z responds that it has pleaded unjust enrichment "in the alternative" to preserve the claim "in the event a contract based action is proper [] or the contract is deemed void." (Doc. No. 24 at 8.)

Under Pennsylvania law, "the quasi-contractual doctrine of unjust enrichment [is] inapplicable when the relationship between the parties is founded on a written agreement or express contract." Hershey Foods Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 999 (3d Cir. 1987) (quoting Benefit Trust Life Ins. Co. v. Union Nat. Bank, 776 F.2d 1174 (3d Cir.1985)). However, because Federal Rule of Civil Procedure 8(d)(2) provides that a party may plead in the alternative, a claimant may "properly plead a quantum meruit claim" where the underlying

---

[3] As a federal court sitting in diversity, the substantive law of Pennsylvania applies to the instant case. The parties to the above-captioned case agree that Pennsylvania substantive law applies. (See Doc. Nos. 18 at 3-4; 22 at 4-5; 24.)

[4] Under Pennsylvania law, unjust enrichment is a "a form of restitution" and a "synonym for quantum meruit." Powers v. Lycoming Engines, 328 F. App'x 121, 126 (3d Cir. 2009) (internal citations omitted); accord Ne. Fence & Iron Works, Inc. v. Murphy Quigley Co., 933 A.2d 664, 667 (Pa. Super. Ct. 2007) ("Unjust enrichment is a synonym for quantum meruit.").

contract is alleged to be "unenforceable or invalid." Liberty Mut. Ins. Co. v. Muskin Leisure Products, Inc., 05-0253, 2006 WL 2642387, at *2 (M.D. Pa. Sept. 13, 2006) (Vanaskie, J.) (internal citations omitted); see Benchmark Grp., Inc. v. Penn Tank Lines, Inc., No. 07-2630, 2008 WL 2389463, at *5 (E.D. Pa. June 11, 2008) (internal citations omitted).

Here, none of the parties to the above-captioned case disputes the validity of the underlying agreement between A/Z and SSL.[5] (Doc. Nos. 1, 6, 11.) Thus, A/Z has failed to state a claim for unjust enrichment. The Court will accordingly grant SSL's motion to dismiss Count IV of the Rule 14(a)(3) claim.

### B.  Count V of the Rule 14(a)(3) Claim — Fraud

In Count V of the Rule 14(a)(3) claim, A/Z alleges that SSL committed fraud when it intentionally induced A/Z to continue working on the project by promising that payments were forthcoming. (Doc. No. 11 ¶¶ 35-37, 43.) A/Z claims that SSL made those promises without any intention to pay "A/Z after the March 2014 payment." (Id. ¶¶ 33, 35, 39-41, 44.) SSL moves the Court to dismiss Plaintiff A/Z's fraud claim as barred by the gist of the action doctrine. (Doc. Nos. 18; 20 at 13.)

"The gist of the action doctrine precludes tort claims where the true gravamen, or gist, of the claim sounds in contract." Dommel Properties LLC v. Jonestown Bank & Trust Co., 626 F. App'x 361, 364 (3d Cir. 2015). The doctrine bars plaintiffs from "recasting ordinary breach of contract claims into tort claims." Jones v. ABN Amro Mortgage Grp., Inc., 606 F.3d 119, 123 (3d Cir. 2010). "[T]he nature of the duty alleged to have been breached" is "the critical

---

[5] Plaintiff A/Z argues that in a separate action, Smart Start Lighting v. A/Z Corporation, No. 15-cv-1080, SSL "filed a count for fraud, which was most likely pled to serve as the basis for rescission of the written contract between A/Z and SSL." (Doc. No. 24 at 7.) However, SSL's fraud count, in Smart Start Lighting v. A/Z Corporation, No. 15-cv-1080, demands monetary relief, not the rescission of a contract. (Doc. No. 1 at 17-18, No. 15-cv-1080.)

determinative factor in determining whether the claim is truly one in tort, or for breach of contract." Bruno v. Erie Ins. Co., 106 A.3d 48, 68 (Pa. 2014) (emphasis added). Accordingly, this Court must consider whether the relevant facts, as pleaded in Count V of the Rule 14(a)(3) claim, state a claim for a breach of a contractual obligation created by the agreement between SSL and A/Z or, rather, for a "breach of an independent social duty imposed by the law of torts." Bruno, 106 A.3d at 68, 70-71; see Dommel Properties LLC, 626 F. App'x at 366.

In a recent decision, KBZ Communications Inc. v. CBE Technologies LLC, the United States Court of Appeals for the Third Circuit addressed arguments similar to those raised in the present motion. KBZ Commc'ns Inc. v. CBE Techs. LLC, No. 14-3526, 2015 WL 8125217, at *1 (3d Cir. Dec. 8, 2015). In that case, a purchaser and seller of video conference equipment entered into an agreement to deliver goods and services. Id. The purchaser did not pay for the delivered equipment. Id. However, the seller "continued to sell products and services" to the purchaser because the purchaser repeatedly promised to pay for the delivered equipment. Id.

The seller in KBZ Communications Inc. filed a complaint against the purchaser, brought claims of fraud and negligent misrepresentation, and argued that the purchaser "made 'intentional misrepresentations' and 'intentionally lied' so as to "fraudulently induce [the seller] to continue selling and deliver[ing] products and services." Id. In an unpublished opinion, the Third Circuit concluded that the gist of the action doctrine foreclosed the seller's tort claims. Id. at **2-3. The Third Circuit reasoned that the parties' agreement established "the duty in question" and the alleged "subsequent 'lies' were mere reiterations of the promise that the contract created (i.e., the promise to pay)." Id. at *2.

Here, in its Rule 14(a)(3) claim, A/Z alleges that SSL entered into a written agreement (Doc. No. 11 ¶ 5), that A/Z "completed its obligations under the Agreement" (Id. ¶ 10), that

"SSL was obligated to pay its portion of A/Z's payment on a monthly basis" (Id. ¶ 33), and that A/Z never "received payment for the work it performed" on or after March 2014 (Id. ¶¶ 35, 40). A/Z's fraud claim incorporates by reference the allegations of its breach of contract claim (Id. ¶ 31), and demands the same amount of recovery in its claims of breach of contract and fraud (Id. ¶¶ 18, 46).  See KBZ Commc'ns Inc., 2015 WL 8125217, at *3.

Guided by the Third Circuit's KBZ Communications Inc. decision, the Court concludes that the facts as pleaded in Count V of the Rule 14(a)(3) claim state a claim for a breach of a contractual obligation.  See Bruno, 106 A.3d at 68, 70-71.  The alleged agreement between A/Z and SSL establishes the duty at issue in Count V of A/Z's Rule 14(a)(3) claim, not the breach of an alleged, independent social duty.  Id.  Accordingly, the Court concludes that the gist of the action doctrine precludes A/Z's fraud claim.  The Court will dismiss Count V of the Rule 14(a)(3) claim for failure to state a claim.

### C.   Count II of the Third-Party Complaint — "Sole Liability"

In Count II of the third-party complaint, Lowe's alleges that SSL is "liable over and/or solely liable to A/Z" if "some or all of the averments in [A/Z's] Complaint and/or the Lien Claim are true."  (Doc. No. 6 ¶¶ 6, 32-34.)  SSL contends that "sole liability and liability over" are legal conclusions and not "independently viable causes of action recognized under Pennsylvania law."  (Doc. No. 20 at 9.)  Lowe's responds that the "cause of action for 'sole liability' or 'liability over'" has been codified in Pennsylvania Rule of Civil Procedure 2252.  (Doc. No. 22 at 4.)

Pennsylvania Rule of Civil Procedure 2252(a) provides that "any party may join as an additional defendant any person not a party to the action who may be … solely liable on the underlying cause of action against the joining party."  Pa. R. Civ. P. 2252(a)(1) (emphasis

7

added).  "The term 'underlying cause of action' refers to the cause of action set forth in the plaintiff's complaint or the defendant's counterclaim."  Id.  As such, the Court finds that Count II of the third-party complaint does not state an independent cause of action under Pennsylvania law, but merely references a rule of third-party practice under the Pennsylvania Rules of Civil Procedure.  See Chase v. N. Am. Sys., Inc., 523 F. Supp. 378, 383 (W.D. Pa. 1981); 7 Goodrich-Amram 2d, Procedural Rules Service with Forms, § 2252(a):9, p. 133-134 (2007); see also DiLauro v. One Bala Ave. Associates, 515 A.2d 939, 944 (Pa. Super. Ct. 1986) (addressing the purpose of Pennsylvania Rule of Civil Procedure 2252).[6]  Accordingly, the Court will dismiss Count II of the third-party complaint for failure to state a claim upon which relief may be granted.

### D.   Count III of the Third-Party Complaint — Exoneration

Lowe's also claims in Count III of the third-party complaint that SSL has the "duty to exonerate and indemnify Lowe's" for any liability found owing to A/Z because Lowe's real property "is being held as a surety and/or collateral for the debts due and owing from SSL to A/Z."  (Doc. No. 11 ¶¶ 40-41.)  SSL argues that "a cause of action for civil 'Exoneration' does not exist in Pennsylvania."  (Doc. No. 20 at 10.)  Lowe's responds that the theory of exoneration has "long been recognized in Pennsylvania."  (Doc. No. 22 at 5-6.)

Under Pennsylvania law, "the theory of exoneration provides for relief as between the surety and its principal."  Allegheny Plastics, Inc. v. Stuyvesant Ins. Co., 200 A.2d 775, 776 (Pa. 1964); see Etter v. Indus. Valley Bank & Trust Co., 515 A.2d 6, 8 n.3 (Pa. Super. Ct. 1986) (internal citations omitted).  "When a surety's obligation to pay the principal debt becomes

---

[6] Because the Court concludes that Lowe's "liable over and/or solely liable" claim is not an independent cause of action under Pennsylvania law, Lowe's "liable over and/or solely liable" claim will be dismissed with prejudice, as an amendment of the claim would be futile.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

absolute, the surety is entitled in equity to require the principal debtor to make exoneration and the surety may enforce the right by immediate resort to equity to compel the principal to discharge the debt." Almi, Inc. v. Dick Corp., 375 A.2d 1343, 1348 (Pa. Cmwlth. Ct. 1977) (internal citations omitted).

Here, Lowe's does not allege the existence of a surety agreement. (Doc. No. 11 ¶¶ 40-41.) Lowe's merely alleges that its real property "is being held as a surety and/or collateral for the debts due and owing from SSL to A/Z." (Id. ¶ 40.) The Court's review of Pennsylvania jurisprudence indicates that the equitable right of exoneration is limited to actions between a surety and its principal. E.g., Allegheny Plastics, Inc., 200 A.2d at 776; see also 16 Summ. Pa. Jur. 2d Commercial Law § 7:39 (2d ed.) (collecting cases that address the "right to equitable relief through exoneration"). In the absence of authority indicating otherwise, the Court declines to extend the theory of exoneration to a case where no surety or surety agreement has been alleged.[7] Accordingly, the Court will dismiss Lowe's claim for exoneration for failure to state a claim.

## IV. CONCLUSION

For the reasons stated above, the Court will grant Third-Party Defendant Smart Start Lighting, LLC's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). An order consistent with this memorandum follows.

---

[7] Because the Court concludes that the theory of exoneration does not apply where neither a surety nor a surety agreement has been alleged, Lowe's exoneration claim will be dismissed with prejudice, as an amendment of the claim would be futile. See In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1434.